# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:02cv205

| | |
|---|---|
| RAMSEY REED, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> BUCKEYE FIRE EQUIPMENT ) </br> and BRIAN BOWER, ) </br> ) </br> Defendants. ) </br> _____ ) | **NOTICE AND** </br> **SCHEDULING ORDER** |

**THIS MATTER** came before the Court by transfer on September 18, 2007.

The parties are hereby notified that the final pretrial conference of this matter will be held on **Tuesday, November 13, 2007 at 2:00 p.m.**

The parties are further notified that this matter is scheduled for trial during the **November 26, 2007 trial term**. It is anticipated that this will be the first civil case set for trial in that term. If there are no criminal matters set during this term, the trial of this matter will begin on **Tuesday, November 27, 2007 at 9:00 a.m.**

The Court hereby establishes the following trial procedures:

A. TRIAL SUBPOENAS: Counsel must subpoena all witnesses **at least ten (10) days** before the day on which the Clerk of Court has set the case for trial. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

B. COUNSEL'S DUTIES PRIOR TO TRIAL: **On or before the date of the final pretrial conference**, counsel for all parties shall:

 (a) Discuss the possibility of a settlement;

 (b) Exchange copies of exhibits or permit inspection if copying is impractical;

 (c) Number and become acquainted with all exhibits; and

 (d) Agree upon the issues, reduce them to writing and file three copies with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court in triplicate;

 (e) Agree upon stipulations of fact and file three copies with the Court. The parties are encouraged to stipulate to as many

facts as possible to facilitate the trial of the case;

    (f)    Submit a trial brief addressing all questions of law and any anticipated evidentiary issues;

    (g)    If the case is to be tried without a jury, submit proposed Findings of Fact and Conclusions of Law; and

    (h)    Submit proposed jury instructions, as described below.

C.    PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, all counsel shall submit proposed jury instructions **on or before the date of the final pretrial conference**. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D.    JURY VOIR DIRE: Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

E.     SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

F.     COUNSEL'S PRE-TRIAL FILINGS: No later than **the date of the final pretrial conference**, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a)    A witness list containing the name of every proposed witness;

(b)    A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c)    Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d)    An exhibit list.

No later than **the date of the final pretrial conference**, counsel for each party shall file with the Clerk of Court an original and four (4) copies of any motion *in limine*. Responses to any such motion must be filed no later than **seven (7) calendar days** prior to the first day of trial.

G.  EXHIBIT NOTEBOOKS: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks.  Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit.  Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.  Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and Court personnel each have an exhibit notebook, or set of exhibit notebooks.

H.  FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>    Exhibit #    Description    Identified by    Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

I.  ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the

actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**IT IS SO ORDERED.**

Signed: October 1, 2007

Martin Reidinger
United States District Judge